UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NUAIRE, INC.,

    Plaintiff,

v.

**Order**
Civ. No. 11-1249

MERRILL MANUFACTURING CORP.,

    Defendant.

Jonathan M. Bye and Anthony N. Kirwin, Lindquist & Vennum, P.L.L.P., Counsel for Plaintiff.

Lenae M. Pederson, Michael D. Hutchens, Kathleen M. Ghreichi, John E. Radmer, Meagher & Geer, P.L.L.P., Counsel for Defendant.

    This matter is before the Court on Defendant Merrill Manufacturing Corporation's request [Docket No. 32] for leave to file a motion for reconsideration of the Court's August 6, 2012 Memorandum of Law & Order [Docket No. 29]. Pursuant to Local Rule 7.1(h), such requests are granted "only upon a showing of compelling circumstances."

    Defendant encourages the Court to reconsider its analysis of <u>PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C.</u>, 225 F.3d 974, 982 (8th Cir. 2000), with respect to the application of UCC § 2-207(3). Having reviewed the Eight

1

Circuit's opinion in that case, the Court concludes that its original interpretation was correct.  Defendant also suggests that two previous opinions from this Court "militate for a ruling" in its favor.  The Court previously explained, however, that the facts in both of those cases are distinguishable from the facts at issue here.

Defendant finally argues that the Court should reconsider its denial of summary judgment with respect to Plaintiff's reckless misrepresentation claim due to the fact that the material used to manufacture the door catches at issue in this litigation was not "susceptible of knowledge."  This argument is inappropriately raised for the first time in Defendant's request for reconsideration.  Moreover, Defendant's argument is undercut by undisputed evidence in the record.  When Plaintiff contacted Defendant to inquire about rusting door catches in December 2010, Defendant was able to confirm—by reference to Defendant's own "set-up and run report"—that the door catches were not, in fact, made of stainless steel.  (See Mariette Aff. [Docket No. 20], Ex. E.)  The Court fails to see how the material of manufacture could not have been susceptible to knowledge when the door catches were manufactured and

shipped to Plaintiff in December 2009, when that information was readily available to Defendant upon Plaintiff's inquiry in December 2010.

The Court finds that Defendant has not made the showing of compelling circumstances necessary for the Court to reconsider the conclusions of its August 6, 2012 Memorandum of Law & Order.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's request for leave to bring a motion for reconsideration [Docket No. 32] is **DENIED.**


Dated:   September 6, 2012          s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court